Eastern District of Kentucky
F I L E D
JUL 22 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| CALVIN LEE GODDARD, | ) |
| | ) |
| Petitioner, | ) Civil No. 0:19-067-HRW |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Calvin Lee Goddard is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Goddard filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Goddard's petition.

In 2008, Goddard pled guilty to attempting to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. *See United States v. Goddard*, No. 5:07-cr-134-DCR (E.D. Ky. 2008). The district court found that Goddard was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.) because he had at least two prior felony convictions for either a crime of violence or controlled substance offense. *See id.*

1

As a result, Goddard's sentencing guidelines range was 360 months to life. *See id.* That said, the district court granted the Government's motions for a reduced sentence under U.S.S.G. § 5K1.1 and sentenced Goddard to 180 months in prison. *See id.* The United States Court of Appeals for the Sixth Circuit affirmed. *See United States v. Goddard*, 638 F.3d 490 (6th Cir. 2011). Goddard subsequently tried to vacate his sentence pursuant to 28 U.S.C. § 2255, but his efforts were unsuccessful.

Goddard has now filed a § 2241 petition with this Court. [D. E. No. 1]. While Goddard's petition is somewhat difficult to follow, he is clearly trying to challenge the validity of his conviction and sentence in his underlying criminal case. At one point, Goddard says he "would like to preserve his original argument . . . that a conviction for Title 21 U.S.C. § 846 standing alone is not a federal offense," and he cites a series of federal district and circuit court decisions, the most recent of which was issued in 2010. [D. E. No. 1 at 2-3]. That said, Goddard's primary argument is that, in light of the Sixth Circuit's recent en banc decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. June 19, 2019), "he is now eligible to be resentenced minus the career offender" enhancement. [D. E. No. 1 at 2].

Goddard's petition, however, constitutes an impermissible collateral attack on his conviction and sentence. Although a federal prisoner may challenge the legality of his conviction and sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249

2

F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 habeas petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Goddard cannot use a § 2241 petition as a way of challenging his conviction and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can establish his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or show that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2012). Here, Goddard has not met the requirements set forth in either *Wooten* or *Hill*.

Goddard first suggests that his conviction under § 846 is somehow invalid and, thus, he is raising an actual innocence claim. However, a petitioner can only show actual innocence by demonstrating:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

3

*Wooten*, 677 F.3d at 307-08. Goddard has not met these requirements because the cases he relies on do not clearly set forth a new interpretation of statutory law that is retroactive and, in any event, the cases were all decided before 2011, when the Sixth Circuit resolved Goddard's direct appeal, and before Goddard filed his subsequent motions. Plus, none of the cases Goddard cites demonstrate in any clear way that his conviction is actually invalid. Thus, Goddard's first claim lacks merit.

Goddard also argues that his career offender enhancement is no longer valid in light of the Sixth Circuit's recent en banc decision in *Havis*. To be sure, in *Hill*, the Sixth Circuit said that a prisoner may challenge his sentence enhancement in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. That is because the trial court sentenced Goddard in 2009, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Goddard's claim does not fall within *Hill*'s limited exception for bringing a § 2241

4

petition to challenge his federal sentence. *See Loza-Gracia v. Streeval*, No. 18-5923 (6th Cir. March 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

Goddard also has not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that a previous conviction is not a predicate offense for purposes of his career-offender enhancement. Instead, Goddard relies on the Sixth Circuit's recent en banc decision in *Havis* which is, of course, not a Supreme Court decision. Thus, Goddard has also not met *Hill*'s third requirement. As a result, Goddard's attack on his § 4B1.1 enhancement does not even get off the ground.[1]

---

[1] It is worth noting that Goddard's reliance on *Havis* also appears to be misplaced as a substantive matter. In *Havis*, the Sixth Circuit explained that attempt crimes do not qualify as predicate controlled substance offenses for purposes of an enhancement under the sentencing guidelines. *See Havis*, 927 F.3d at 387. Here, while Goddard pled guilty in federal court to attempting to possess with the intent to distribute 500 grams or more of cocaine, it appears that his predicate

5

For the reasons set forth above, Goddard's § 2241 petition is without merit. Accordingly, it is **ORDERED** as follows:

1. Goddard's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 22nd day of July, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

---

controlled substance offenses—those prior convictions used to enhance his sentence—were not attempt crimes but, instead, multiple state court convictions for drug trafficking and possession. *See United States v. Goddard*, No. 5:07-cr-134-DCR, at D. E. Nos. 22, 158, 226, 253.